# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ANTHONY WYATT,**

  **Petitioner,**

v.          **CIVIL ACTION NO. 1:05CV30**
           **CRIMINAL ACTION NO. 1:02CR36-2**

           **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

  **Respondent.**

## ORDER DISMISSING §2255 MOTION

Before the Court is a motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255, filed by the petitioner, Anthony Wyatt ("Wyatt"), on February 18, 2005. The Court referred this matter to Magistrate Judge John S. Kaull in accordance with Local Rule of Prisoner Litigation 83.15 for preliminary review. On March 1, 2006, Magistrate Judge Kaull issued a Report and Recommendation, recommending that the Court deny Wyatt's motion. On March 13, 2006, Wyatt filed objections to the Magistrate Judge's recommendation. For the following reasons, the Court **ADOPTS** the Magistrate Judge's recommendation and **DENIES** Wyatt's motion.

On September 12, 2002, Wyatt pled guilty to distribution of crack cocaine in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C). On January 13, 2003, the Court sentenced him to 168 months of imprisonment.

In his § 2255 motion, Wyatt asserts that his present sentence should be vacated and that he should be resentenced in light of

| WYATT v. UNITED STATES | Civil Action No. 1:05cv30 |
| | Criminal Action No. 1:02CR36-2 |

## ORDER DISMISSING §2255 MOTION

Blakely v. Washington, 124 S. Ct. 2531 (2004). The Magistrate Judge concluded that Wyatt's motion was untimely because it was not filed within one year of the date on which his judgment of conviction became final in accordance with 28 U.S.C. §2255(1). Furthermore, Magistrate Judge Kaull observed that Wyatt is not entitled to have the decision in Blakely or United States v. Booker, 543 U.S. 220 (2005) applied retroactively to his sentence, and, therefore, his motion was also not timely under subsection (3) of 28 U.S.C. §2255. In his objections, Wyatt stated that he was never informed or made aware of the one-year limitation period in which to file a §2255 motion by his counsel.

In his §2255 motion, Wyatt only asserts that he should be resentenced in light of the decision in Blakely. However, the Court sentenced Wyatt in January, 2003, over a year before the Supreme Court decided Blakely in June, 2004. Thus, the primary issue raised by his motion is whether the Blakely decision applies retroactively to sentences on collateral review.

In Lilly v. United States, 342 F. Supp. 2d 532 (W.D. Va. 2004), the United States District Court for the Western District of Virginia addressed the retroactivity of Blakely and found that even if the Supreme Court held that the federal guidelines violated the Sixth Amendment, such ruling would not apply retroactively to cases

**WYATT v. UNITED STATES**          Civil Action No. 1:05cv30
                                    Criminal Action No. 1:02CR36-2

## ORDER DISMISSING §2255 MOTION

on collateral review. Moreover, in a published opinion, this Court concluded that neither <u>Blakely</u> nor <u>Booker</u> has retroactive effect. <u>Daniel v. United States</u>, Nos. 1:04CV154 & 1:03CR3, 2005 U.S. Dist. LEXIS 11509 (N.D. W. Va. June 10, 2005). Accordingly, the Court **ADOPTS** the Magistrate's recommendation, **DENIES** Wyatt's § 2255 motion and **DISMISSES** his motion **WITH PREJUDICE**.

It is so **ORDERED**.

The Clerk is directed to mail a copy of this Order to the petitioner and her counsel.

Dated: May _____11_____, 2006.

_____
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE